UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARLAND A. JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARDS, et al.,<br><br>    Defendants. | No. 1:20-cv-00639-NONE-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING ACTION WITHOUT PREJUDICE<br><br>(Doc. Nos. 7, 12, 16) |

Plaintiff Garland A. Jones is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 29, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion to proceed *in forma pauperis* (Doc. No. 7) be denied, and this action dismissed without prejudice, because plaintiff has three prior "strike" dismissals under 28 U.S.C. § 1915(g). (Doc. No. 12.) The magistrate judge further found that the allegations of plaintiff's complaint fail to show that he is in imminent danger of serious physical injury. (*Id.* at 2.) The magistrate judge provided plaintiff fourteen (14) days to file objections to the pending findings and recommendations. (*Id.*)

Plaintiff filed timely objections on June 15, 2020. (Doc. No. 13.) In his objections, plaintiff argues that the dismissals cited by the magistrate judge should not count as strikes

because he appealed from those dismissals. (*See id.* at 1–2.) Plaintiff also suggests that he qualifies for the imminent-danger exception to the three-strikes rule. (*See id.* at 2.) Plaintiff also filed a second motion to proceed *in forma pauperis* on July 15, 2020. (Doc. No. 16.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the pending findings and recommendations to be supported by the record and proper analysis.

The magistrate judge correctly found that three of plaintiff's prior cases were dismissed for failure to state a claim upon which relief can be granted. (Doc. No. 12 at 2.) Plaintiff appealed from two of those dismissal orders: *Jones v. Tolson*, No. 1:15-cv-01037-JDP (E.D. Cal. Sept. 14, 2015), and *Jones v. Mailroom Officials*, No. 1:17-cv-00281-LJO-SKO (E.D. Cal. Jan. 9, 2019). The Ninth Circuit Court of Appeals dismissed the first appeal for lack of jurisdiction. *See Jones v. Tolson*, No. 16-15864 (9th Cir. June 13, 2016). The second appeal is still pending. *See Jones v. Mailroom Officials*, No. 19-15345 (9th Cir.). Court records do not indicate that plaintiff appealed the third dismissal cited by the magistrate judge. *See Jones v. Cal. Corrs. Healthcare Servs.*, No. 2:17-cv-00738-WBS-DB (E.D. Cal.).

The Supreme Court has held that "[a] prior dismissal on a statutorily enumerated ground [in 28 U.S.C. § 1915(g)] counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, —U.S.—, 135 S. Ct. 1759, 1763 (2015). Thus, plaintiff's appeal of the dismissal in *Jones v. Tolson*, No. 1:15-cv-01037-JDP, is counted as a strike even though his appeal is still pending. Plaintiff, therefore, has accumulated three strikes under § 1915(g), and he "may not file an additional suit *in forma pauperis* while his appeal of one such dismissal is pending." *Coleman*, —U.S.—, 135 S. Ct. at 1765.

The magistrate judge also correctly found that the allegations of plaintiff's complaint fail to satisfy the imminent-danger exception under 28 U.S.C. § 1915(g). (Doc. No. 12 at 2.) In his objections, plaintiff states that

> a violent action occurred on individuals Jones [Plaintiff] and Mao. It is known that a violent attack on individuals at a 50/50 yard

2

> institution is probable – Also I've been placed on a yard where Mao was stabbed up with a predatory chrono.

(Doc. No. 13 at 2.)  Plaintiff provides no further details or facts about the "violent action" against him, and his claim that a "violent attack" against "individuals" is "probable" is speculative and lacks factual support.  Plaintiff thus has failed to show that he was in imminent danger of serious physical injury at the time that his complaint was filed.

Accordingly,

1. The findings and recommendations issued on May 29, 2020 (Doc. No. 12) are adopted in full;
2. Plaintiff's motions to proceed *in forma pauperis* (Doc. Nos. 7, 16) are denied;
3. This action is dismissed without prejudice to refiling upon prepayment of the filing fee; and,
4. The Clerk of the Court is directed to assign a district judge to this case for purposes of closure and to close this case.

IT IS SO ORDERED.

Dated:   **August 26, 2020**                    /s/ Dale A. Drozd
                                                 UNITED STATES DISTRICT JUDGE

3